UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NUMBER:04-80855
                                    HONORABLE VICTORIA A. ROBERTS

v.

EUGENE IVASKEVICH,

        Defendant.
_____/

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion for Return of Green Card. For the following reasons, the Court **GRANTS** Defendant's motion in part.

**II.    BACKGROUND**

On October 3, 2006, this Court sentenced Eugene Ivashkevich ("Defendant") to thirty-seven months in prison. Defendant is scheduled to report to the Bureau of Prisons in Texas on January 15, 2007. At sentencing, the Court did not consider Defendant's immigration status a mitigating factor in determining his sentence. However, his immigration status has changed and he is now attempting to verify his U.S. citizenship.

In a sworn affidavit, Defendant's counsel attests that Albert Valk, an immigration attorney who now represents Defendant, indicates that Defendant automatically

1

acquired U.S. Citizenship on May 18, 2001 by virtue of § 302 of the Immigration and Nationality Act.  This section allows foreign born persons to automatically acquire citizenship from a naturalized parent.

In a letter Mr. Valk states Defendant's green card is needed to verify his entry date into the U.S. and finalize the citizenship process.  Defendant would like to finalize his citizenship status prior to reporting to the Bureau of Prisons so that he may be placed in a more appropriate facility in Michigan.  Defendant believes he is being sent to the Texas facility because of his immigration status.

The government opposes Defendant's motion for return of his green card.  The government contends that there is no evidence supporting Defendant's contentions that he is now a U.S. citizen and that return of the green card may facilitate Defendant's flight from the U.S.  The government also argues that the Court lacks jurisdiction to decide this motion.

In response, Defendant argues that he has complied with his pretrial release conditions for over one year and should not be considered a flight risk.  In addition, Defendant argues that this Court has jurisdiction to decide this motion because it does not effect the merits of his appeal, which has been withdrawn.

### III.    ANALYSIS

The Government cites *United States v. Holloway*, 740 F.2d 1373 (6th Cir. 1984) for its contention that this Court does not have jurisdiction to decide this motion.  In *Holloway*, the Sixth Circuit held that the District Court lacked jurisdiction to consider or act upon a motion to correct sentence after notice of appeal had been filed.  *Id.* at

1382. "It is well settled that filing a notice of appeal with the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal." *Id.* (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)). The Sixth Circuit, however, recognizes an exception to this rule, which allows a district court to enter remedial orders not affecting the merits of the appeal. *Id.* The return of Defendant's green card is such a remedial measure.

Defendant requests that the government return his green card so that he can apply for U.S. citizenship. Defendant's immigration attorney states that several documents are required to finalize the application process, including his original Resident Alien Card. The letter from Mr. Valk states Defendant is eligible to apply for a U.S. passport, which also requires the original Resident Alien Card with the application.

A phone call to the United States Citizenship and Immigration Services Office ("USCIS") of general information revealed that a person applying for citizenship under § 302 may apply through the USCIS using form N-600 or by applying for a U.S. passport.[1] The agent recommended applying for a U.S. passport because it is a faster and better process. However, the N-600 application form only requires an applicant to submit a copy of a Permanent Resident Card as evidence of lawful permanent resident status.

Although Defendant has complied with all pretrial orders, the Court is wary of allowing a Defendant access to a U.S. passport just weeks before his scheduled date of incarceration. Yet, the Court also is cognizant of the benefits and privileges Defendant will receive if his U.S. citizenship application is approved. Therefore, the Court finds it

---

[1] On December 26, 2006, the Court spoke with USCIS agent Megan, identification number G8969.

reasonable for the government to provide Defendant's counsel with a copy of his Resident Alien Card so that he can apply for citizenship via form N-600.

### IV. CONCLUSION

For the following reasons, the Court **GRANTS** Defendant's motion in part.

**IT IS SO ORDERED**.

                                              s/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: January 4, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 4, 2007.

s/Linda Vertriest
Deputy Clerk

---