**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

       Plaintiff,            CASE NUMBER:04-80855
                                      HONORABLE VICTORIA A. ROBERTS

v.

**EUGENE IVASKEVICH,**

       Defendant.
_____/

## ORDER

This matter is before the Court on Defendant's Motion for Reconsideration. On January 4, 2007, the Court issued an Order granting in part Defendant's motion for the return of his green card, which was seized at the time of his arrest. The Government was required to provide a copy of the green card to Defendant so that he could file an application for certificate of citizenship.

On January 11, 2007, the U.S. Customs and Immigration Services District Director in West Palm Beach Florida ("USCIS"), denied Defendant's application for certificate of citizenship. Defendant now seeks to apply for a U.S. Passport, which requires the submission of an original green card. Pursuant to Federal Rule of Criminal

1

Procedure 41(g),[1] he requests that the Court reconsider its Order and require the Government to turn over the green card.

Rule 41(g) is grounded in principles of equity. See *U.S. v. Omian*, No.05-80338, 2006 WL 3240555, *2 (E.D.Mich. 2006)(citing *Floyd v. United States*, 860 F.2d 999, 1002-03 (10th Cir.1988)). This equitable remedy is only available to Defendant if he can show "irreparable harm and an inadequate remedy at law." *Claymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999). Defendant cannot meet either of these elements.

Most importantly, Defendant is not without an adequate remedy at law to resolve his claim of citizenship prior to the commencement of deportation proceedings. He is administratively appealing the USCIS's decision. The Immigration and Nationality Act § 360, 8 U.S.C.A. § 1503, provides that a person who claims a right or privilege as a United States national and is denied such right or privilege by a United States department or agency upon the ground that he is not a United States national may sue in United States district court. Therefore, Defendant has an adequate legal remedy available other than filing an application for a U.S. Passport.

Moreover, pursuant to Local Rule 7.1, a motion for reconsideration cannot be granted unless the movant demonstrates "a palpable defect by which the Court and the

---

[1] Rule 41(g) provides:
A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

parties have been misled," and that correcting the defect will result in a different disposition of the case.  *U.S. v. Savage*, 99 Fed.Appx. 583, *585 (6th 2004). *Id.*  A motion for reconsideration that merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied.  *Id.* Defendant does not meet this burden.  Rather, he essentially reasserted the issues raised in his request for the return of his green card.

The Court **DENIES** Defendant's Motion for Reconsideration.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 12, 2007

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 12, 2007.<br><br>S/Linda Vertriest<br>Deputy Clerk |