**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**                    **CASE NUMBER: 04-80855
HONORABLE VICTORIA A. ROBERTS**

**v.**

**EUGENE IVASHKEVICH,**

        **Defendant.**
_____/

## ORDER

Before the Court is Defendant Eugene Ivashkevich's, pro se, *Motion for Return of Seized Property*.

On October 5, 2006, Defendant was sentenced to a 37 month term of imprisonment. On May 14, 2007, Defendant filed the above motion pursuant to FED. R. CRIM. P. 41(e) seeking the return of his Russian passport. On June 25, 2007, the Court requested the Government to respond. In response, the Government argues that this Court does not have jurisdiction over Defendant's request and it must retain the passport to effectuate Defendant's deportation to Russia.

Federal Rule of Criminal Procedure 41(g), formerly 41(e), allows for a person aggrieved by "the deprivation of property [to] move for the property's return." FED. R. CRIM. P. 41(g). A motion pursuant to Rule 41(g) is treated as a civil action in equity when, as here, the owner of the property invokes the Rule after the conclusion of his criminal proceedings. *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000). Contrary to the Government's assertions, this Court has equitable jurisdiction to decide

a post-trial motion for return of seized property. *United States v. Restrepo Contreras*, 330 F.Supp.2d 72 (D.Puerto Rico 2004)(ordering the government to pay for the Defendant's Colombian passport that was seized at the time of arrest and subsequently destroyed); *see also Bertin v. United States*, 478 F.3d 489, 492 (2d Cir. 2007)(Under Rule 41(g) "the federal courts have equitable jurisdiction to order the return of property.").

"The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir.1982). "[W]hen considering a motion to return, the court must balance the legitimate needs of the United States against the property rights of the moving party . . . ." *United States v. Popham*, 382 F.Supp.2d 942, 955-56 (E.D.Mich. 2005).

Defendant request his Russian passport. This document is needed so that he can enter his country of origin or another country, once he fulfills his sentence in the United States. The Government's vague response about "the passport is needed for deportation" and "defendant has no need for the passport while incarcerated" falls short of a legally sufficient reason for denying Defendant's request to have his passport returned to him.

The Government must return Defendant's Russian passport to him by August 1, 2007.

**IT IS SO ORDERED**.

                                                  S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: July 9, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se defendant by electronic means or U.S. Mail on July 9, 2007.

s/Carol A. Pinegar
Deputy Clerk